## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOHN JUDE,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0110** (BOR Appeal No. 2055611)
                         (Claim No. 2018013970)

**SPARTAN MINING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John Jude, by Counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Spartan Mining Company, by Counsel Sean Harter, filed a timely response.

The issues on appeal are an additional compensable condition, medical benefits, and temporary total disability benefits. The claims administrator denied a request for a neurosurgical consultation on July 17, 2019. On September 9, 2019, the claims administrator denied the addition of thoracic disc protrusion to the claim. The claims administrator denied a request for an EMG/NCS on September 10, 2019. On December 16, 2019, the claims administrator closed the claim for temporary total disability benefits. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions in its August 13, 2010, Order. The Order was affirmed by the Board of Review on January 21, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

1

(c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Jude, an underground coal miner, injured his cervical, thoracic, and lumbar spine when the channel locks he was using slipped, causing him to fall backwards and land on a rock on December 8, 2017. Mr. Jude had preexisting back issues that began long before the compensable injury occurred. An October 5, 2011, treatment note from Family Healthcare Associates indicates Mr. Jude was still having back and leg symptoms. Thoracic spine x-rays were performed on November 8, 2011, due to low back pain with radiculopathy. The x-ray showed mild joint space narrowing at the lower thoracic levels. A November 10, 2011, treatment note from Family Healthcare Associates indicates Mr. Jude was seen for lumbar pain with radiculopathy. He returned on November 14, 2011, with the same complaints. October 14, 2013, lumbar x-rays showed degenerative joint disease bilaterally at L5-S1. A lumbar MRI was performed on October 22, 2013, due to persistent low back pain following an October 13, 2013, lifting injury. The MRI showed an unchanged T12-L1 disc protrusion and left L5-S1 disc osteophyte complex causing moderate neural foraminal stenosis. There was no evidence of acute injury. Finally, in a March 10, 2014, treatment note, Jackie Shorter Jr., PA-C, diagnosed lumbar sprain and stated that Mr. Jude was unable to work for four more weeks. Mr. Jude returned on April 1, 2014, and was diagnosed with lumbago.

Mr. Jude completed an Employees' and Physicians' Report of Injury on December 8, 2017, indicating he injured his entire back when channel locks slipped off a lapping belt and threw him backwards. He landed on top of a rock. The physicians' section lists the diagnoses as lumbar, cervical, and thoracic spine sprains. Mr. Jude was to remain off of work from December 11, 2017, until December 25, 2017. The claims administrator rejected the claim on January 4, 2018. On January 22, 2018, Mr. Jude sought treatment from Family Healthcare Associates for lumbago and lumbar strain, among other things. A thoracic spine MRI, performed on April 3, 2018, showed small disc protrusions at T1-2 and T6-7. At T9-11 there was a small syrinx noted. Mild degenerative changes with disc space narrowing were also noted.

In a February 14, 2019, Independent Medical Evaluation, Prasadarao Mukkamala, M.D., noted that prior to the alleged injury, Mr. Jude had evidence of degenerative thoracic and degenerative spine spondyloarthropathy, as noted in medical records as early as 2011. Dr. Mukkamala opined that there was no credible evidence that Mr. Jude sustained a compensable injury on December 8, 2017. Dr. Mukkamala stated that Mr. Jude had reached maximum medical improvement for his reported symptoms and required no further treatment.

The Office of Judges reversed the rejection of the claim and held the claim compensable for strain of the muscle, facia, and tendon of the neck, thorax back wall, and lower back in its June 5, 2019, Order. On July 2, 2019, the claims administrator granted temporary total disability benefits from December 11, 2017, through January 26, 2018.

Ronald Fadel, M.D., performed a Utilization Review on July 13, 2019, in which he opined that the mechanism of injury appeared to be blunt force trauma after Mr. Jude fell backwards. Dr. Fadel stated that a neurosurgical consultation seems to be necessary for Mr. Jude due to a finding of a syrinx; however, such condition is acquired and not the result of the compensable injury. Therefore, the referral should be denied. The claims administrator denied a request for a neurosurgical consultation on July 17, 2019.

In an August 28, 2019, Diagnosis Update, Dr. Muscari stated that thoracic disc protrusion should be added to the claim. Mr. Jude returned to PA-C Shorter on August 29, 2019. He reported that he still had back pain with radiculopathy, numbness, and range of motion loss. Mr. Shorter diagnosed neck, thoracic, and lumbar strains. The claims administrator denied the addition of thoracic disc protrusion to the claim on September 9, 2019. On September 10, 2019, the claims administrator denied a request for an EMG/NCS. In a September 18, 2019, letter, Dr. Muscari stated that he was unable to give an updated treatment plan for Mr. Jude until such time that a neurosurgical consultation and an EMG/NCS were performed.

Joseph Grady, M.D., performed an Independent Medical Evaluation on October 15, 2019, in which he diagnosed neck sprain, thoracic sprain superimposed on degenerative changes, and lumbar sprain superimposed on degenerative changes. Dr. Grady found no definite radiculopathy on evaluation. Mr. Jude had reached maximum medical improvement for the compensable injury and assessed 8% impairment. The claims administrator closed the claim for temporary total disability benefits on December 16, 2019.

In its August 13, 2020, Order, the Office of Judges affirmed the claims administrator's decisions denying a request for a neurosurgical consultation, denying the addition of thoracic disc protrusion to the claim, denying a request for an EMG/NCS, and closing the claim for temporary total disability benefits. Regarding the addition of thoracic disc protrusion to the claim, the Office of Judges found that imaging studies from as early as 2011 show preexisting thoracic disc abnormalities, including a T12-L1 disc abnormality found in an October 22, 2013, MRI. The Office of Judges noted that an MRI taken shortly after the compensable injury showed thoracic degenerative changes. Further, evaluations by Drs. Mukkamala, Grady, and Fadel all indicate Mr.

Jude had preexisting thoracic disc issues. The Office of Judges concluded that thoracic disc protrusion should not be added to the claim because the condition was not the result of the compensable injury.

Regarding the requested neurosurgical consultation and EMG/NCS, the Office of Judges concluded that such treatment was not necessary for a compensable condition. Dr. Fadel opined in his record review that such treatment was not necessary for the compensable strains. Further, the consultation was necessitated by the finding of a syrinx, an acquired, noncompensable condition. The Office of Judges noted that in his evaluation, Dr. Grady found that Mr. Jude had reached maximum medical improvement and required no further treatment. The Office of Judges found that Dr. Muscari recommended a neurosurgical consultation and EMG/NCS based on the T12-L1 disc protrusion. Because the condition is not compensable and unrelated to the compensable injury, the requested treatment was found to be properly denied. The Office of Judges also determined that the claim was properly closed for temporary total disability benefits because Mr. Jude reached maximum medical improvement as found by Dr. Grady on October 15, 2019. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 21, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The standard for adding an additional compensable condition to a claim is the same as for compensability. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). A preponderance of the evidence indicates that the thoracic disc protrusion preexisted the claim and inclusion of the diagnosis in the claim was properly denied. Regarding the requested medical treatment, pursuant to West Virginia Code § 23-4-1(a) workers' compensation benefits shall be provided to those employees who have received personal injuries in the course of and as a result of their covered employment. West Virginia Code § 23-4-3(a)(1) provides that the claims administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. The medical evidence indicates that the requested treatment is not necessitated by a compensable injury, but rather, it is aimed at treating noncompensable conditions. Finally, pursuant to West Virginia Code § 23-4-7a, temporary total disability benefits will cease when Mr. Jude has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. Mr. Jude was found to be at maximum medical improvement by Dr. Grady on October 15, 2019. Therefore, temporary total disability benefits were properly suspended.

Affirmed.

**ISSUED: April 20, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment